IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : : : : : : | Master File No. 12-md-02311<br><br>Hon. Marianne O. Battani<br>Magistrate Judge Mona K. Majzoub |
| IN RE: WIRE HARNESSES<br>IN RE: ALTERNATORS<br>IN RE: STARTERS<br>IN RE: IGNITION COILS<br>IN RE: HID BALLASTS<br>IN RE: ELECTRONIC POWERED STEERING ASSEMBLIES<br>IN RE: FUEL INJECTION SYSTEMS<br>IN RE: VALVE TIMING CONTROL DEVICES | : : : : : : : : : : : | Case No. 12-cv-00103-MOB-MKM<br>Case No. 13-cv-00703-MOB-MKM<br>Case No. 13-cv-01103-MOB-MKM<br>Case No. 13-cv-01403-MOB-MKM<br>Case No. 13-cv-01703-MOB-MKM<br>Case No. 13-cv-01903-MOB-MKM<br>Case No. 13-cv-02203-MOB-MKM<br>Case No. 13-cv-02503-MOB-MKM |
| THIS RELATES TO:<br><br>END-PAYOR CASES | : : : | |

**FINAL JUDGMENT APPROVING SETTLEMENT
AGREEMENT BETWEEN END-PAYOR PLAINTIFFS AND
MELCO AND ENTERING DISMISSAL
<u>WITH PREJUDICE AS TO MELCO</u>**

This matter has come before the Court to determine whether there is any cause why this Court should not approve the settlement between End-Payor Plaintiffs ("Plaintiffs") and Defendants Mitsubishi Electric Corporation, Mitsubishi Electric US Holdings, Inc., and Mitsubishi Electric Automotive America, Inc. (collectively, "MELCO") set forth in the Amended Settlement Agreement ("Agreement"), dated July 22, 2016 relating to the above-captioned actions (the "Actions"). The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined (1)

that the settlement should be approved, and (2) that there is no just reason for delay of the entry of this judgment approving the Agreement ("Judgment"). Accordingly, the Court directs entry of Judgment, which shall constitute a final adjudication of the Actions on the merits as to the parties to the Agreement. Good cause appearing therefor, it is:

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The definitions of terms set forth in the Agreement are incorporated herein as though fully set forth in this Judgment.

2. Pursuant to Federal Rule of Civil Procedure ("Rule") 23(g), Class Counsel, previously appointed by the Court (Cotchett, Pitre, & McCarthy LLP, Robins Kaplan LLP, and Susman Godfrey L.L.P.), are appointed as Counsel for the Settlement Classes. These firms have, and will, fairly and competently represent the interests of the Settlement Classes.

3. The Court has jurisdiction over the subject matter of this litigation, over the equitable non-monetary relief contained in paragraph 4, over the Actions, and over the parties to the Agreement, including all members of the Settlement Classes.

4. Plaintiffs, having filed complaints in the Actions alleging that MELCO conspired to rig bids, allocate markets and fix prices for Automotive Parts,[1] and MELCO, having denied Plaintiffs' allegations and having represented it would assert defenses thereto, have entered into the Agreement to settle the Actions with respect to Automotive Parts to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, to obtain the releases, orders, and judgment contemplated by the Agreement, and to put to rest with

---

[1] "Automotive Parts" means any part or part assembly designed for installation in any four-wheeled passenger automobile, van, sports utility vehicle, crossover, or pick-up truck as defined in Paragraph 12 of the Proposed Consolidated Amended Complaint and includes Alternators, Starters, Ignition Coils, Fuel Injection Systems, Valve Timing Control Devices (also referred to as variable valve timing devices and/or variable timing control devices), Automotive Wire Harness Systems, HID Ballasts, and Electronic Powered Steering Assemblies.

finality all claims that have been or could have been asserted against MELCO with respect to Automotive Parts. MELCO has agreed for a period of 24 months from the date of the entry of this Judgment not to engage in conduct that constitutes a per se violation of Section 1 of the Sherman Act (whether characterized as price fixing, market allocation, bid rigging, or otherwise) with respect to the sale of Automotive Parts. Pursuant to the Agreement, MELCO has agreed to provide specified monetary compensation to Plaintiffs, and to cooperate with Plaintiffs in connection with the continued prosecution of the Actions.

5. The Court hereby finally approves and confirms the settlement set forth in the Agreement and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Settlement Classes pursuant to Rule 23.

6. The Court hereby dismisses on the merits and with prejudice the individual and class claims asserted against MELCO, with Plaintiffs and MELCO to bear their own costs and attorneys' fees except as provided herein.

7. All persons and entities who are Releasors are hereby barred and enjoined from commencing, prosecuting, or continuing, either directly or indirectly, in an individual or representative or derivative capacity, against the Releasees, in this or any other jurisdiction, any and all claims, causes of action or lawsuits, which they had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Agreement.

8. The Releasees are hereby and forever released and discharged with respect to any and all claims or causes of action which the Releasors had, have, or in the future may have, arising out of or related to any of the Released Claims as defined in the Agreement.

9. Neither the Agreement, nor any act performed or document executed pursuant to the Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

10. The notice given to the Settlement Classes of the settlement set forth in the Agreement and the other matters set forth herein was the best notice practicable under the circumstances, including individual notice to all members of the Settlement Classes who could be identified through reasonable efforts. Said notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rules 23(c)(2) and 23(e) and the requirements of due process.

11. Without affecting the finality of this Judgment in any way, the Court hereby retains exclusive jurisdiction over: (a) the enforcement of this Judgment; (b) the enforcement of the Agreement; (c) any application for distribution of funds, attorneys' fees, or reimbursement of costs and expenses made by Plaintiffs' Counsel; (d) any application for incentive awards for the Plaintiffs; and (e) the distribution of the settlement proceeds to the members of the Settlement Classes.

12. The persons and entities identified on Exhibit "A" hereto have timely and validly requested exclusion from the Settlement Classes and, therefore, are excluded from the Settlement Classes. Such persons and entities are not included in or bound by this Judgment. Such persons and entities are not entitled to any recovery from the settlement proceeds obtained through this settlement. Nothing in this Judgment shall be construed as a determination by this Court that such persons and entities are members of any of the classes or proposed classes in the *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311.

13. In the event that the settlement does not become effective in accordance with the terms of the Agreement, then this Judgment shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void and the parties shall be returned to their respective positions ex ante.

14. The Escrow Account, into which MELCO has deposited assets with a total value of U.S. $64,229,268 as the Settlement Amount (as defined in paragraph 26 of the Agreement), plus accrued interest thereon and net any expenses incurred as contemplated in paragraph 40 of the Agreement, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder. The Settlement Amount is allocated as follows: (1) Automotive Wire Harness Systems: $3,211,463.34; (2) Alternators: $17,129,946.08; (3) Starters: $16,474,807.24; (4) Ignition Coils: $14,567,197.98; (5) HID Ballasts: $3,211,463.34; (6) Electronic Powered Steering Assemblies: $3,211,463.34; (7) Fuel Injection Systems $3,211,463.34; (8) Valve Timing Control Devices: $3,211,463.34.

15. The Court finds, pursuant to Rule 54(a) and (b), that this Judgment should be entered and further finds that there is no just reason for delay in the entry of this Judgment, as a final judgment, as to the parties to the Agreement.

16. The Court's certification of the Settlement Classes as provided herein is without prejudice to, or waiver of, the rights of any Defendant, including MELCO, to contest certification of any other class proposed in the *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311. The Court's findings in this Judgment shall have no effect on the Court's ruling on any motion to certify any class in the *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311. No party may cite or refer to the Court's approval of

the Settlement Classes as persuasive or binding authority with respect to any motion to certify any class.

      17.    Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

Date: August 30, 2017

                      s/Marianne O. Battani
                      MARIANNE O. BATTANI
                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 30, 2017.

                      s/ Kay Doaks
                      Case Manager