**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | : | Master File No. 12-md-02311<br>Honorable Sean F. Cox |
| In Re: Wire Harness Systems | : | Case No. 2:12-cv-00103 |
| In Re: Instrument Panel Clusters | : | Case No. 2:12-cv-00203 |
| In Re: Fuel Senders | : | Case No. 2:12-cv-00303 |
| In Re: Heater Control Panels | : | Case No. 2:12-cv-00403 |
| In Re: Automotive Bearings | : | Case No. 2:12-cv-00503 |
| In Re: Occupant Safety Systems | : | Case No. 2:12-cv-00603 |
| In Re: Alternators | : | Case No. 2:13-cv-00703 |
| In Re: Anti-Vibrational Rubber Parts | : | Case No. 2:13-cv-00803 |
| In Re: Windshield Wiper Systems | : | Case No. 2:13-cv-00903 |
| In Re: Radiators | : | Case No. 2:13-cv-01003 |
| In Re: Starters | : | Case No. 2:13-cv-01103 |
| In Re: Automotive Lamps | : | Case No. 2:13-cv-01203 |
| In Re: Switches | : | Case No. 2:13-cv-01303 |
| In Re: Ignition Coils | : | Case No. 2:13-cv-01403 |
| In Re: Motor Generator | : | Case No. 2:13-cv-01503 |
| In Re: Steering Angle Sensors | : | Case No. 2:13-cv-01603 |
| In Re: HID Ballasts | : | Case No. 2:13-cv-01703 |
| In Re: Inverters | : | Case No. 2:13-cv-01803 |
| In Re: Electric Powered Steering Assemblies | : | Case No. 2:13-cv-01903 |
| In Re: Air Flow Meters | : | Case No. 2:13-cv-02003 |
| In Re: Fan Motors | : | Case No. 2:13-cv-02103 |
| In Re: Fuel Injection Systems | : | Case No. 2:13-cv-02203 |
| In Re: Power Window Motors | : | Case No. 2:13-cv-02303 |
| In Re: Automatic Transmission Fluid Warmers | : | Case No. 2:13-cv-02403 |
| In Re: Valve Timing Control Devices | : | Case No. 2:13-cv-02503 |
| In Re: Electronic Throttle Bodies | : | Case No. 2:13-cv-02603 |
| In Re: Air Conditioning Systems | : | Case No. 2:13-cv-02703 |
| In Re: Windshield Washer Systems | : | Case No. 2:13-cv-02803 |
| In Re: Automotive Constant Velocity Joint | : | |

| | | |
|---|---|---|
| Boot Products | : | Case No. 2:14-cv-02903 |
| In Re: Spark Plugs | : | |
| In Re: Automotive Hoses | : | Case No. 2:15-cv-03003 |
| In Re: Shock Absorbers | : | Case No. 2:15-cv-03203 |
| In Re: Body Sealing Products | : | Case No. 2:15-cv-03303 |
| In Re: Interior Trim Products | : | Case No. 2:16-cv-03403 |
| In Re: Automotive Brake Hoses | : | Case No. 2:16-cv-03503 |
| In Re: Exhaust Systems | : | Case No. 2:16-cv-03603 |
| In Re: Ceramic Substrates | : | Case No. 2:16-cv-03703 |
| In Re: Power Window Switches | : | Case No. 2:16-cv-03803 |
| In Re: Automotive Steel Tubes | : | Case No. 2:16-cv-03903 |
| In Re: Access Mechanisms | : | Case No. 2:16-cv-04003 |
| In Re: Side Door Latches | : | Case No. 2:16-cv-04103 |
| In Re: Electronic Braking Systems | : | Case No. 2:16-cv-04303 |
| In Re: Hydraulic Braking Systems | : | Case No. 2:21-cv-04403 |
| | : | Case No. 2:21-cv-04503 |
| | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| ALL END-PAYOR ACTIONS | : | |
| | : | |

**ORDER DENYING WITHOUT PREJUDICE**
**SETTLEMENT CLASS COUNSEL'S**
**MOTION FOR AN AWARD OF ATTORNEYS' FEES**
**IN CONNECTION WITH THE ROUNDS 1-5 SETTLEMENTS**

This large and complex multidistrict litigation has been pending in this Court since 2012. The litigation began in 2011, with the filing of numerous antitrust putative class actions, brought against foreign and domestic manufacturers of automotive parts that were included in millions of vehicles sold and leased to consumers across the county. Numerous cases were brought by various types of plaintiffs. The current motion pending before the Court involves only the actions

filed by a subset of consumers and businesses known as the "End-Payor Plaintiffs."

This action was originally assigned to the Honorable Marianne O. Battani. After years of motion practice, negotiations, approval hearings, and objections, Judge Battani granted final approval to settlements between End-Payor Plaintiffs and Defendants in three rounds, on June 20, 2016, September 25, 2017, and November 8, 2019. Judge Battani also issued attorney fee awards in connection with those rounds.

After Judge Battani's retirement from the bench, this MDL was reassigned to the undersigned judge on June 15, 2020. On September 17, 2020, this Court granted final approval to another settlement, in Round 4. This Court also awarded attorney fees in connection with Round 4.

A few months ago, the undersigned judge announced his plan to retire from the federal bench. Thereafter, Settlement Class Counsel filed the pending Motion For An Award Of Attorneys' Fees In Connection With The Rounds 1-5 Settlements. The Court concludes that a hearing on this motion is not necessary. Local Rule 7.1(f)(2).

Again, this motion relates to the End-Payor Plaintiffs. The Rounds 1 through 5 Settlements for them collectively total more than 1.2 billion dollars. No doubt a very good result for the Class Members. And the record reflects that Settlement Class Counsel for the End-Payor Plaintiffs have also obtained a very

good result in terms of the attorney fees they have been awarded.

To date, Settlement Class Counsel for the End-Payor Plaintiffs have been awarded more than 269 million dollars in attorneys' fees. In the pending motion, *filed on the eve of the undersigned judge's retirement from the federal bench*, Class Counsel asks this Court to award them an additional 7.77% of the Aggregate Settlement Amount, amounting to more than 94 million dollars. The requested fee award would, when added to the prior fee awards made by the Court, result in Settlement Class Counsel receiving approximately 30% of the Aggregate Settlement Amount.

Thus, the Court is not surprised that rather strenuous objections have been voiced in opposition to this motion. For example, in objections filed by the Hertz Corporation, Avis Budget Group, Inc., and Element Fleet Management Corp., those Settlement Class Members ask this Court to deny the pending motion "in its entirety" making numerous legal and factual arguments including, but not limited to: 1) the Court has already indicated that 22% of the net settlement proceeds is a fair and reasonable fee and already awarded that amount from Rounds 1 through 4; 2) those prior fee awards were not "incomplete" or "partial" such that counsel may seek additional funds from prior settlements; 3) even if the Court were to reconsider those prior awards, 22% is fair and reasonable; 4) the work class counsel have done since October of 2019 does not justify the additional $94

million dollars in requested fees; and 5) because class members have not yet been paid, and the claims administration process continues, an award of any additional fees at this juncture would be premature.

Other Settlement Class Members also object to the motion as being premature. For example, 218 Large Claim Objectors oppose the request for an additional $94 million plus interest as both premature and excessive. They persuasively argue:

> Settlement Class Counsel's ("Class Counsel") extraordinary request for $94 million plus interest in additional attorneys' fees is both premature and excessive. To date, Class Counsel has been awarded more than $269 million in attorneys' fees. Class members, by contrast, have each received no more than $100, a tiny fraction of what many of them are entitled to recover for the harm they incurred. Despite this obvious imbalance, Class Counsel's Motion for an Award of Attorneys' Fees in Connection With the Rounds 1-5 Settlements, ECF No. 254 ("Motion"), asks for an additional 7.77% of the Aggregate Settlement Amount, which amounts to an additional $94 million. Not only is this sixth, and purportedly final, request for fees untimely before pro rata distribution, but with an indeterminate amount of work left for Class Counsel to perform to conclude this claims process—including the potential for claim determination appeals to this Court—this request is incredibly premature.

(ECF No. 676 in Case No. 12-00103).

In addition, other Settlement Class Members object to the motion, raising a litany of legal challenges to the requested fee award (judicial estoppel, waiver, the requested fee award violating notice and due process, etc.). (*See e.g.,* Objections filed by Overland West, Inc. and Booton, Inc.).

This Court will not address those challenges, however, because this Court concludes the motion should be denied without prejudice as premature and because the requested award appears excessive.

The Court finds the pending motion seeking an additional $94 million in attorney fees to be premature, given that no class member has yet to receive more than $100 and pro rata distribution not having occurred despite five years passing since claim filing, and where Settlement Class Counsel concede that there is more work to be done. Thus, the Court will deny the motion without prejudice, allowing another motion to be filed *once the claims process is at or near completion*.

The Court also concludes that the motion should be denied without prejudice because the requested fee award is excessive. Having presided over this case in the years following Judge Battani's retirement, and having carefully reviewed her attorney fee awards and her statements regarding same throughout the years, the undersigned judge is also of the opinion that a percentage-of-the-fund attorney fee award of 22% in relation to the Rounds 1 through 4 settlements is both fair and reasonable in light of the size of the Aggregate Settlement Amount. The undersigned judge concludes that an award of 30% of the Aggregate Settlement Amount would be excessive.

That said, the Court concludes that an award of *some* additional attorney fees, in an amount far less than what is being requested, may be warranted to fairly

compensate Settlement Class Counsel for the additional work, in relation to Rounds 1-4, that has been done during the lengthy claims process in this case. Such an award could be, as suggested by the 218 Large Claim Objectors, to award a percentage-of-the-fund attorney fee of slightly more than 22%, for example in the 23% to 25% range, or to award additional attorney fees based on the work actually performed, at market rates.

Moreover, no attorney fees have yet been awarded to Settlement Class Counsel in relation to the Round 5 settlement.

Given the undersigned judge's retirement from the bench, all of those issues shall be left for another day, to be decided by the successor judge assigned to this case.

Accordingly, the Court **ORDERS** that Settlement Class Counsel's Motion For An Award Of Attorneys' Fees In Connection With The Rounds 1-5 Settlement is **DENIED WITHOUT PREJUDICE.**[1]

**IT IS SO ORDERED.**

Dated: July 11, 2025

S/Sean F. Cox
Sean F. Cox
United States District Judge

[1]The Court further DENIES AS MOOT all motions seeking to file a sur-reply brief in opposition to the motion.

I hereby certify that on July 11, 2025, the document above was served on counsel and/or the parties of record via electronic means and/or First-Class Mail.

s/Caitlin Shrum
Case Manager